OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. Maniscalco.
[Cite as Disciplinary Counsel v. Maniscalco (1994),     Ohio
St.3d      .]
Attorneys at law -- Misconduct -- Public reprimand -- Knowingly
    advancing claim unwarranted under existing law -- Conduct
    adversely reflecting on fitness to practice law.
    (No. 93-1717 -- Submitted December 7, 1993 -- Decided
March 23, 1994.)
    On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-57.
    The respondent in this matter is Patrick M. Maniscalco,
last known address in Fort Worth, Texas, Attorney Registration
No. 0021752.  Relator, Office of Disciplinary Counsel, filed a
three-count complaint against Maniscalco with this court's
Board of Commissioners on Grievances and Discipline ("board").
The parties waived hearing and submitted Counts One and Two to
the hearing panel on stipulations; Count Three was dropped.
The stipulations, their attached exhibits, and Maniscalco's
deposition established the following facts:

                        Count One
    In 1988, Richard P. Vodicka retained Maniscalco to sue the
city of North Royalton, its mayor, and its city prosecutor for
false imprisonment and for violating Vodicka's constitutional
rights during a 1986 proceeding in North Royalton Mayor's
Court.  Maniscalco knew that Vodicka had already litigated a
case arising from the mayor's court incident.  (Vodicka had
sued the city and its mayor in federal court based on the
mayor's court incident; the court dismissed that action because
the mayor was immune from liability while acting in a judicial
capacity.)  Nevertheless, Maniscalco filed Vodicka's complaint
in the Cuyahoga County Court of Common Pleas.  The case was
then removed from the common pleas court to the United States
District Court for the Northern District of Ohio.
    On January 26, 1989, the federal court granted summary
judgment for the defendants.  The court ruled that Vodicka's
federal claims had been litigated in the prior action and were
now barred by res judicata.
    The court also ordered Maniscalco to pay $4,898.90 in

attorney fees.  Fed. R. Civ. P. 11 requires federal courts to impose sanctions on attorneys who sign pleadings that are not "warranted by existing law or  a good faith argument for the extension, modification, or reversal of existing law."  The federal court specifically found that Maniscalco "was unreasonable in filing this action."  Not only were the federal claims barred by res judicata, but "[s]imple research would have shown" their lack of merit: the mayor and prosecutor were clearly immune to suit under existing law, and Maniscalco had not "made a good faith argument for modification of this immunity rule."  Moreover, Maniscalco had alleged a violation of Title 42, Section 1983, United States Code based on the defendants' negligence, but "negligence cannot be the basis for a [Section] 1983 action."  Finally, the applicable statutes of limitations had expired before Maniscalco filed the action.  The federal court concluded "that if counsel had adequately researched the law this action would not have been filed, at least not in its present manner."

## Count Two

In November 1988, Thomas Pelznik retained Maniscalco to sue the city of Fairview Park and its city prosecutor for false imprisonment and violating Pelznik's constitutional rights.  Pelznik paid Maniscalco $2,500 in advance to handle the entire action. Maniscalco thereupon filed suit on Pelznik's behalf in the Cuyahoga County Court of Common Pleas; the action was later removed to the federal district court.

On February 17, 1989, the city and the prosecutor moved to dismiss the action and requested attorney fees as a Rule 11 sanction against Maniscalco for filing a frivolous lawsuit.  On March 8, 1989, Maniscalco filed a voluntary notice of dismissal and did not subsequently refile the action.

Pelznik contacted another attorney to represent him against Maniscalco.  After speaking with Pelznik's attorney, Maniscalco agreed to refund the fee to avoid a lawsuit.  On September 27, 1990, Maniscalco sent Pelznik's attorney two post-dated $250 checks as a first installment. However, one of the checks bounced.  Maniscalco did not pay the balance, and Pelznik sued him for it, eventually winning a judgment against Maniscalco for $2,260 plus interest.

The parties have stipulated that Maniscalco's conduct as to each count violated DR 7-102(A)(2) (knowingly advancing claim unwarranted under existing law) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).  The parties further stipulated that Maniscalco "provided full and free disclosure" and cooperated with the investigation, and that he has not been disciplined before.  Finally, the parties have stipulated that a public reprimand is the appropriate sanction for Maniscalco's misconduct.  Accordingly, the panel found violations of the aforementioned Disciplinary Rules and recommended a public reprimand, and the board concurred.


Geoffrey Stern, Disciplinary Counsel, and Alvin E. Mathews, Assistant Disciplinary Counsel, for relator.
Patrick M. Maniscalco, pro se.


Per Curiam.  We concur in the board's findings and recommendation.  Patrick M. Maniscalco is publicly

reprimanded.   Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.